GRUENDER, Circuit Judge,
concurring.
I concur in the Court’s opinion, but I write separately to address further the issue of official immunity. Bahl concedes that the City has a policy stating that it will provide interpreters arid other auxiliary aids to communicate effectively with “Persons Handicapped in Communication,” defined to include both the hearing-impaired and those who are not proficient in *792 speaking or understanding the English language. The City’s policy requires officers to provide interpreters and other appropriate auxiliary aids for such individuals when necessary to carry out their duties. Furthermore, much of the officers’ training focuses on skills applicable across the board for achieving effective communication. Steven Frazer Dep. 61:7-12, Sep. 1, 2009 (“We spend a huge amount of time in academy, FTO, and in-service training on the issues of communication. It is probably the single most trained topic in our police department in my career. And all of that training talks about having effective communication.”). That training encourages officers to “constantly assess[ ] all of the communications that are going on” with each individual to help an officer know whether effective communication is taking place. Id. at 63:8-14.
I do not read the Court’s opinion today to foreclose the possibility that such generally applicable policies and training might be sufficient to satisfy a municipality’s duty “to develop and implement a basic ... policy” as required for entitlement to official immunity, see S.W. v. Spring Lake Park Sch. Dist. No. 16, 592 N.W.2d 870, 877 (Minn.Ct.App.1999) (emphasis added), merely because the policy and training do not provide a separate formal program addressed solely to communicating with the hearing-impaired. Rather, the grant of summary judgment to the City was improper because the record at this stage does not reflect whether the extensive general communications training provided to the City’s officers in fact covered even the most basic concepts applicable to communicating with the hearing-impaired. See ante at 789-90 & n. 11. With these comments, I concur in the opinion of the Court.